IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BYRON SMITH,

           Plaintiff,

vs.                            Case No. 06-3061-JTM

UNITED STATES OF AMERICA, *et. al.*,

           Defendants.

MEMORANDUM AND ORDER

The present matter arises on defendants' motion to dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. No. 35). For the following reasons, the court grants defendants' motion. Additionally, the court denies plaintiff's motion to strike (Dkt. No. 37); denies plaintiff's motion for default judgment (Dkt. No. 38); denies plaintiff's motions for judicial notice (Dkt. Nos. 54 and 56); and denies plaintiff's motion for reconsideration (Dkt. No. 55).

*I.  Factual Background:*

Plaintiff, Byron Smith, is a prisoner who was incarcerated at the United States Penitentiary at Leavenworth ("USP Leavenworth") during the times relevant to his First Amended Complaint. Primarily, plaintiff alleges that (1) defendants negligently permitted him to work in an area where there was a known presence of asbestos, but failed or refused to post warning signs to notify persons of the presence of asbestos; (2) defendants violated his Eighth Amendment rights and were deliberately indifferent to his safety by exposing him to very large

dosages of asbestos fibers when he was on a work detail; and (3) defendants negligently or with deliberate indifference destroyed or lost his medical records.

For relief, plaintiff seeks $50,000 in compensatory damages, $50,000 in punitive damages, $2,000,000 for negligence, $100,000 for "loss or destruction" of medical records, an unspecified amount for future medical expenses, and regular testing by a professional trained in the area of asbestos.

Plaintiff filed the present action initially on January 6, 2006 in the District of Columbia, which transferred his case to the District of Kansas due to improper venue. Plaintiff thereafter filed a First Amended Complaint in the District of Kansas on March 27, 2006 incorporating by reference the documentation and facts of the original complaint.

Defendant Harley G. Lappin is the Director of the Bureau of Prisons, located in Washington, D.C. At the time of his complaint, petitioner did not state whether he was suing defendant Lappin in his individual or official capacity. Defendant Eddie Gallegos responded to plaintiff's written complaints at the institution and administrative levels. Plaintiff is suing defendant Gallegos in both his individual and official capacities. Defendant Janet Durbin was the former Education Technician at the USP Leavenworth. Plaintiff is suing defendant Durbin in her individual and official capacities. Plaintiff is suing defendants William Howell, Jr., John Parent, Teresa Hartfield, Jeffrey Sinclair, and Stephanie Wheeler in their individual and official capacities. Plaintiff also is suing the Attorney General, without noting whether he was being sued in his individual and/or official capacity. Finally, plaintiff is filing suit against the USP Leavenworth and the Federal Bureau of Prisons ("BOP").

In 2003, plaintiff was a federal inmate at the USP Leavenworth. In April and June 2003, he worked for the Custodial Maintenance Service as an electrician. While working in this capacity, he received a work order to add a new light fixture in a closet in the Education Building. Defendant Durbin met the plaintiff in the Education Building, unlocked the classroom and the closet, and showed plaintiff where she wanted the light fixture to be placed. Plaintiff and his work crew began working on the light fixture in the closet, which was approximately 12 feet by 6 feet. During the work, inmate C. Gonzales, who worked on a different work order, began pulling pipe out of the closet, which caused the closet to become thick with dust from the pipe insulation. As the dust began to bother plaintiff, he ended his work on the closet until the dust settled. Defendant Durbin also instructed inmate Gonzales to wait until plaintiff and his work crew installed the light fixture before proceeding back into the closet.

On the next day, plaintiff and his work crew returned to the Education Building to work on the fixture. Inmate Gonzales pulled the insulation off the pipe in the closet again, which filled the closet with dust. The dust bothered plaintiff's eyes and throat, which caused the plaintiff to stop working until the dust settled. Defendant Durbin instructed inmate Gonzales to leave the closet or a report would ensue.

Thereafter, on March 9, 2005, plaintiff completed an Informal Attempt to Resolve form which stated:

> [I]n between the months of April and May I was exposed to very large doses of asbestos while out on a job in the education department. I am requesting to be tested by a specialist in the field for this exposer [sic]. It is of my concern to know why this area was not listed as an unauthorized area to staff and inmates until removed?

Amended Complaint, Dkt. No. 5, at 4, incorporating by reference, Exh. A, at 2, attached to Complaint, Dkt. No. 1.  Plaintiff also filed a Request for Administrative Review regarding his alleged asbestos exposure which he described as "very large amounts of 'burst exposures.'" *Id*. at Exh. B, at 3.

In responding to plaintiff's Request for Administrative Review, defendant Gallegos stated that:

> The Education Department inmate orderly was instructed by staff to clean the storage closet.  At no time was he instructed to remove any insulation. His removal of the insulation resulted in possible exposure to asbestos.  Prior to his entering the closet and disturbing the insulation, the insulation was non-friable and in good repair. There are no regulations which require the abatement of asbestos containing material which is in good repair.

*Id*. at Exhibit B, at 5.  Defendant Gallegos also noted that: "There were no samples taken of the pipe insulation in the closet where your alleged exposure occurred due to its complete removal before the Safety Department was notified."  In addition, "there is no way to determine the amount of possible exposure."  *Id*. at Exhibit B, at 4.

On March 16, 2005, plaintiff filed a Request for Administrative Remedy which stated:

> Sir, back in 2003, my medical jacket came up missing from the records department here at Leavenworth Hospital.  What I'm requesting to know is: (1) Who released my medical records? (2) To whom where [sic] they released?  And Who authorized them to be released without my consent?"

*Id*. at Exh. B, at 2.  Defendant Gallegos responded to plaintiff on April 1, 2005 by stating that: "The review revealed your medical records were lost or destroyed in error and had to be recreated.  They were not released to any unauthorized person or agency." *Id*. at Exh. B, at 3.

The present issues for consideration are whether plaintiff has subject matter jurisdiction over any of the defendants under the Federal Tort Claims Act ("FTCA") and/or *Bivens* when the Inmate Accident Compensation Act ("IACA") is the exclusive remedy for inmate work-related injuries; whether plaintiff can state a *Bivens* claim against defendants Lappin, Gallegos, Howell, Parent, Sinclair, Hartfield, Wheeler, or the Attorney General; and whether plaintiff can state a claim against the United States for the negligent loss or destruction of his medical records?

## *II.  Standard of Review:*

For 12(b)(1) claims, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

For purposes of resolving a motion to dismiss with respect to Fed. R. Civ. P. Rule 12(b)(6), the court must accept as true all well-pleaded facts and view those facts in the light most favorable to plaintiff. *See Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.,* 175 F.3d 848, 855 (10th Cir.1999).  The court may not grant relief "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384 (10th Cir.1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, (1957)).

## *III.   Conclusions of Law:*

## *A.  Subject Matter Jurisdiction:*

Plaintiff claims that defendants are jointly and severally liable under the FTCA and *Bivens* for injuries sustained from possible asbestos exposure. Defendants argue that the IACA is plaintiff's exclusive remedy for inmate work-related injuries and therefore, plaintiff is barred from recovery under the FTCA and/or *Bivens*.

The IACA, a prisoner's workers' compensation statute, allows a federal prisoner to seek relief where a federal prisoner is injured while working. *See* 18 U.S.C. § 4126. Plaintiff's claim for relief under the FTCA and/or *Bivens* fails because the IACA provides the exclusive remedy for "injuries suffered . . . in any work activity in connection with the maintenance or operation of the institution [in which the inmates] are confined." *Alvarez v. Gonzalez*, 155 Fed. Appx. 393, 395-96 (10th Cir. 2005) (citing *United States v. Demko*, 385 U.S. 149, 153 (1966) (accepting § 4126 "as an adequate substitute for a system of recovery by common-law torts"); *United States v. Gomez*, 378 F.2d 938, 939 (10th Cir. 1967) (per curiam) (holding that § 4126 "constitute[s] the exclusive remedy for injuries received by federal prisoners while performing assigned prison tasks")). Therefore, plaintiff is barred from litigating his FTCA and/or *Bivens* claim since the cause of his alleged injuries are work-related and compensable only under 18 U.S.C. § 4126.

*B.  Failure to State A Claim:*

*1.  FTCA:*

Notwithstanding the exclusive remedy available to plaintiff under the IACA, plaintiff's claims also fail under the FTCA and *Bivens* for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

First, with respect to the FTCA, a plaintiff can maintain a cause of action against only the United States. *See Menteer v. Applebee*, 196 Fed. Appx. 624, 626 (10th Cir. 2006). The FTCA

provides that the United States shall be liable to the same extent as a private party, "for injury or loss of property . . . or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *See* 28 U.S.C. § 1346(b); 28 U.S.C. 2674.

With respect to plaintiff's claim for anxiety and emotional distress, under the FTCA, a person convicted of a felony who is currently incarcerated cannot maintain a cause of action against the United States for mental or emotional injury without a prior showing of physical injury. *See* 28 U.S.C. § 1346(b)(2); 42 U.S.C. § 1997e. In the present case, plaintiff was convicted of a felony. Although plaintiff seeks damages for "anxiety and emotional distress," he is not currently suffering from a physical injury because his complaint seeks compensation for "future physical health, safety and well being" and "future medical expenses" that may develop from the possible exposure. Amended Complaint, at 4. Moreover, although plaintiff cites that asbestos exposure caused "irritation to his eyes, throat, and caused shortness of breath," courts have not held that de minimis injuries, where the plaintiff fails to allege lasting, detrimental side effects, or heightened or prolonged physical pain, constitute a physical injury. *See Clifton v. Eubank*, 418 F. Supp. 2d 1243, 1248 (D. Colo. 2006). Because plaintiff cannot demonstrate a significant physical injury, relief under the FTCA is unwarranted.

Furthermore, relief is unavailable under the FTCA for plaintiff's alleged loss of medical records. Under the FTCA, the court has jurisdiction over plaintiff's claim for monetary damages against the United States for his "loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *See* 28 U.S.C. § 1346(b)(1). However, the Tenth Circuit has held that inmates do

not have a protected property interest in prison property.  *See Durand v. Deland*, No. 92-4034, 1992 WL 181989, at *1 (10th Cir. July 30, 1992) (holding that "C" notes, or chronological notes were prison property and thus, inmate did not have a property interest).  For these reasons, plaintiff's claims under the FTCA fail under Fed. R. Civ. P. 12(b)(6).

*2.  Bivens:*

Plaintiff also includes a *Bivens* claim against the individual defendants in their individual capacities under the Eighth Amendment.  He alleges that defendants violated his constitutional rights by allegedly exposing him to asbestos, failing to have the asbestos removed following a 1994 survey, and/or knowingly permitting him to enter the work site where asbestos was present.

Plaintiff must demonstrate under a subjective component that "defendant[s] knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it'" under the deliberate indifference standard.  *See Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quoting Farmer v. Brennan, 511 U.S. 825, 847 (1994)).  Additionally, plaintiff must prove an objective component that the alleged deprivation is "'sufficiently serious' to constitute a deprivation of constitutional dimension."  *Kikimura*, 461 F.3d at 1292 (quoting *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006)).  The harm from the alleged injury must be "sufficiently serious."  *Id*.

Plaintiff fails to show that the named individual defendants were aware that there was a substantial risk of asbestos exposure.  Specifically, plaintiff informed defendants Wheeler, Howell, Sinclair, and Parent about the possible exposure approximately two years after inmate Gonzales pulled the insulation, causing the alleged exposure.  Furthermore, plaintiff does not allege defendants' Durbin, Gallegos, Lappin, and the Attorney General's involvement in the

possible exposure. Moreover, defendant Durbin was the only named individual defendant who was present at the time of the alleged exposure. However, plaintiff fails to assert an action or inaction taken by defendant Durbin that would constitute deliberate indifference. Plaintiff's complaint does not demonstrate that defendants were aware of the exposure, which fails to meet the required components for "deliberate indifference."

Finally, the court notes that even if plaintiff could maintain his *Bivens* claim against the individual defendants, plaintiff cannot sustain an action against defendant Lappin, the Director of the Bureau of Prisons who resides in Washington, D.C., due to a lack of personal jurisdiction. Personal jurisdiction is determined by the long-arm statute of the sate wherein a suit is brought. Second, the plaintiff must establish that sufficient minimum contacts exist to conform with Due Process requirements. *See Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir. 1990).

Plaintiff fails to meet the requirements to establish personal jurisdiction. Plaintiff's allegations with respect to defendant Lappin stem from the fact that he is the Director of the Bureau of Prisons. However, plaintiff's complaint is silent with respect to defendant Lappin's personal involvement with the alleged Eighth Amendment violation. Therefore, the court finds that plaintiff fails to meet the jurisdictional requirements. For these reasons, the court grants defendants' motion to dismiss.

IT IS ACCORDINGLY ORDERED this 25th day of July, 2007, that defendants' motion to dismiss (Dkt. No. 35) is granted; plaintiff's motion to strike untimely and default (Dkt. No. 37) is denied; plaintiff's motion for default judgment (Dkt. No. 38) is denied; plaintiff's motions for judicial notice (Dkt. Nos. 54 and 56) are denied; and plaintiff's motion for reconsideration (Dkt. No. 55) is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE