IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BYRON SMITH,

           Plaintiff,

vs.                             Case No. 06-3061-JTM

UNITED STATES OF AMERICA, *et al.*,

           Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff Byron Smith's motion for leave to appeal *in forma pauperis* (Dkt. No. 65). For the reasons stated below, the court grants the motion.

Federal guidelines to proceed *in forma pauperis* are set forth in 28 U.S.C. § 1915(a). The statute provides:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). The trial court has the discretion to grant or deny petitioner's request. *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at * 1 (10th Cir. Apr. 23, 1999). In reviewing an *in forma pauperis* application, the court examines the applicant's inability to pay court costs. *See* 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner presenting a civil action must pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If the prisoner does not have enough money to pay the filing fee for a complaint or an appeal, the court

is required to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. § 1915(b)(1)(A) and (B). If the prisoner cannot pay the initial partial filing fee, the prisoner cannot be prohibited from bringing a civil action. 28 U.S.C. § 1915(b)(4). Under the Rules of Practice and Procedure for the District of Kansas:

> In all cases in which petitioner, movant or plaintiff is an inmate of a penal institution and desires to proceed *in forma pauperis*, in addition to the affidavit of poverty required by 28 U.S.C. § 1915, he or she shall submit a certificate executed by an authorized officer of the institution in which he or she is confined stating the amount of money or securities on deposit to his or her credit in any account in the institution.

D.Kan. Rule 9.1(g).

Having complied with the requirements set out above, this court considered the plaintiff's financial records and finds *in forma pauperis* status should be granted.

IT IS ACCORDINGLY ORDERED this 6th day of November, 2007, that plaintiff's motion for leave to appeal *in forma pauperis* (Dkt. No. 65) is hereby granted.

    s/ J. Thomas Marten  
    J. THOMAS MARTEN, JUDGE