IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BYRON SMITH,

    Plaintiff,

vs.                                  Case No. 06-3061-JTM

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff Byron Smith's motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) (Dkt. No. 66). For the reasons stated below, the court denies the motion.

*A. Procedural History*

Mr. Smith, a pro se federal prisoner, initially brought a complaint against various officials, primarily alleging that (1) defendants negligently permitted him to work in an area where there was a known presence of asbestos, but failed or refused to post warning signs to notify persons of the presence of asbestos; (2) defendants violated his Eighth Amendment rights and were deliberately indifferent to his safety by exposing him to a large dosage of asbestos when he was on work detail; and (3) defendants negligently or with deliberate indifference destroyed or lost his medical records (Dkt. No. 5). This court later granted the defendants' motion to dismiss (Dkt. No. 59). After judgment was entered (Dkt. No. 60), Mr. Smith filed his notice of appeal to the Tenth Circuit (Dkt. No. 61), before filing the motion presently before the court (Dkt. No. 66 )

*B. Jurisdiction*

Before reaching the merits of Mr. Smith's claim, it is necessary to establish whether this court has jurisdiction. Generally, a notice of appeal divests the district court of jurisdiction. *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998). Nevertheless, "a notice of appeal does not divest a district court of jurisdiction to consider a Rule 60(b) motion, although it prevents a district court from granting such a motion unless it notifies [the circuit court] of its intention to grant the motion upon proper remand." *West v. Ortiz*, No. 06-1192, 2007 WL 706924, at * 5 (10th Cir. March 9, 2007) (citing *Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002)). Accordingly, this court has jurisdiction to consider and deny the Rule 60(b) motion. If this court determines that the motion has merit, then it must notify the Tenth Circuit and request a remand before granting the motion.

*C. Merits of Mr. Smith's Request*

Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). Relief under the rule is "an extraordinary procedure permitting the court that entered judgement to grant relief therefrom upon a showing of good cause within the rule." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). Further, Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or

2

supporting facts which were available for presentation at the time of the original argument." *FDIC ex rel. Heritage Bank & Trust v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)). A Rule 60(b) motion "is not intended to be a substitute for a direct appeal." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

Mr. Smith's motion does not specify which section of Rule 60(b) he is relying on for relief. After review of his motion, this court construes it as 60(b)(6), the catch-all provision, which allows for relief only in extraordinary circumstances. *See LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003); *Loum v. Houston's Rests., Inc.*, 177 F.R.D. 670, 672 (D. Kan. 1998). Courts reserve Rule 60(b)(6) relief for situations in which it offends justice to deny relief. *Love v. Roberts*, No. 05-3481, 2007 WL 3353706, at *1 (D. Kan. Nov. 7, 2007). Mr. Smith fails to cite any "exceptional circumstances" justifying relief, and mere dissatisfaction with this court's ruling does not rise to the level needed to obtain relief under Rule 60(b)(6). As such, Mr. Smith's motion is denied.

IT IS ACCORDINGLY ORDERED this 27th day of December, 2007, that plaintiff's motion for reconsideration (Dkt. No. 66) is hereby denied. Defendant's motion for extension of time to file a response (Dkt. No. 70) is denied as moot.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE