IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BYRON SMITH,

                    Plaintiff,


        vs.                                        Case No. 06-3061-JTM


UNITED STATES OF AMERICA, *et al.*,

                    Defendants.


## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Byron Smith's motion to alter or amend

judgment (Dkt. No. 76) and to supplement plaintiff's traverse (Dkt. No. 79).  For the reasons

stated below, the court denies the motions.

### *1. Procedural History*

Mr. Smith, a pro se federal prisoner, initially brought a complaint against various

officials, primarily alleging that (1) defendants negligently permitted him to work in an area

where there was a known presence of asbestos, but failed or refused to post warning signs to

notify persons of the presence of asbestos; (2) defendants violated  his Eighth Amendment rights

and were deliberately indifferent to his safety by exposing him to a large dosage of asbestos when

he was on work detail; and (3) defendants negligently or with deliberate indifference destroyed or

lost his medical records (Dkt. No. 5).  This court later granted the defendants' motion to dismiss

(Dkt. No. 59).  After judgment was entered (Dkt. No. 60), Mr. Smith filed his notice of appeal to

the Tenth Circuit (Dkt. No. 61), before filing the motion for reconsideration, (Dkt. No. 66),

which was denied by this court (Dkt. No. 75).   Subsequent to the denial of his motion to

reconsider, Smith filed the motion to alter or amend judgment that is currently before the court.

## 2.   Legal Standard

The court may exercise broad discretion to grant relief under Rule 59(e) to alter or amend

a prior judgment.  *See Comm. for the First Amend. v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.

1992).   "Grounds warranting a motion [to alter and amend under Rule 59(e) ] include (1) an

intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the

need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is

appropriate where the court has misapprehended the facts, a party's position, or the controlling

law. It is not appropriate to revisit issues already addressed or advance arguments that could have

been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000).  In short, the court should only grant a Rule 59(e) motion to correct manifest errors of law,

or to present newly discovered evidence.  *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d

1179, 1186 n. 5 (10th Cir. 2000).

## 3.   Analysis

Smith requests that pursuant to Rule 59(e),  this court reconsider its denial of his

previously denied Rule 60(b) motion because he is dissatisfied with the Court's legal and factual

findings, and because he believes the court should not have limited his relief to Rule 60(b)(6).

The defendants counter that Smith's current motion should be denied because the court did not

err and there is no new, material evidence for the court to consider.

After careful review of the record, the court finds that relief under Rule 59(e) is not

appropriate in this case, both because Smith's allegedly "new" evidence is not material, and

because the court properly construed the Rule 60(b) motion as one for relief under Rule 60(b)(6).

Specifically, due to Smith's failure to specify which section of Rule 60(b) he was relying upon, it

was within the court's discretion to construe Smith's motion as one for relief under Rule

60(b)(6).  *See LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003).  Nonetheless, even if

the court had considered any of the other subsections of Rule 60(b) when evaluating Smith's

request, his motion still would have been denied according to those legal standards, as Rule 60(b)

is "an extraordinary procedure permitting the court that entered judgement to grant relief

therefrom upon a showing of good cause within the rule." *Cessna Fin. Corp. v. Bielenberg*

*Masonry Contracting Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).  As such, Smith's request for

relief pursuant to Rule 59(e) is denied.

    Further, Smith's request to supplement his motion to alter or amend judgment (Dkt. No.

79) is denied because the exhibits do not constitute material, newly discovered evidence.  At

issue are Smith's exhibits, which are Defendant Bureau of Prisons (BOP) purchase orders Smith

recently received pursuant to the Freedom of Information Act (FOIA) and Smith's previously

produced medical records.  Even if the court were to consider the merits of the exhibits, however,

the outcome would not change as the exhibits and affidavit are immaterial to the outcome of the

Rule 59(e) motion.  As such, Smith's request to supplement his traverse is denied.

IT IS ACCORDINGLY ORDERED this 10th day of April, 2008, that plaintiff's motion to alter or amend judgment (Dkt. No. 76) and plaintiff's motion to supplement plaintiff's traverse (Dkt. No. 79) are denied.

s/ J. Thomas Marten _____
J. THOMAS MARTEN, JUDGE