## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

BYRON SMITH,                          )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )        Case No. 06-3061-JTM-DWB
                                      )
EDDIE GALLEGOS, *et al.*,             )
                                      )
            Defendants.               )
_____)

## ORDER

On August 4, 2009, the Mandate was issued in the prior appeals in this case by the Tenth Circuit Court of Appeals. (Doc. 107). The Mandate had previously been issued on April 22, 2009, but then was immediately withdrawn. (Doc. 95) (Sealed). In the intervening time prior to the August 4 issuance of the Mandate, the following motions were filed in the district court:

1.  Plaintiff's  Motion for Leave to File Second Amended Complaint and accompanying Memorandum of Law (Doc. 97, 98).

2.  Plaintiff's Motion Requesting *Pro Bono* Representation Pursuant to 28 U.S.C. 1915(d) and accompanying Memorandum of Law (Doc. 99, 100); Response by Defendants Hartfield, Sinclair, Wheeler, Gallegos, Howell and Parent opposing the motion (Doc. 103); and Plaintiff's Reply (Doc. 105).

3.      Defendants' Motion to Stay Case Until 14 Days After the Tenth Circuit Court of Appeals Issues Its Mandate (Doc. 101).

4.      Defendants' Motion to Stay Responsive Pleading Deadline (Doc. 104).

The court has been reluctant to address any of these motions until the Mandate was finally issued by the Tenth Circuit.  Now that the Mandate has issued, the court will address the future handling of each of these motions.

A.      Defendants' Motion to Stay Case (Doc. 101).

Noting concerns about the district court's jurisdiction to rule on matters prior to the Tenth Circuit's issuance of the Mandate, Defendants asked that the case be stayed until 14 days after the Mandate was issued.  Now that the Mandate has issued, if Defendants' motion were granted, the requested stay would expire on August 18, 2009.  As a practical matter, considering the court's rulings in the present order, this motion is moot.  Instead, the court will set schedules for further handling of the pending motions.

B.      Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 97).

Defendants have not responded to this motion but, as noted above, sought a stay of the case until after the mandate was issued.  *See* Doc. 101.  Accordingly, Defendants shall file any response to this motion on or before **August 28, 2009.**  If

Plaintiff wishes to file a reply, that reply shall be filed on or before **September 18, 2009.**  This motion is therefore taken under advisement pending completion of all briefing.

C.      Plaintiff's Motion Requesting Pro Bono Representation (Doc. 99).

This motion appears to be fully briefed, and is taken under advisement.  The court will issue a ruling on the motion in a separate order.

D.      Defendants' Motion to Stay Responsive Pleading Deadline (Doc. 104).

In this motion, Defendants point out that because Defendants filed motions to dismiss which were granted by the district court prior to the Tenth Circuit appeal, no answers were filed to either Plaintiff's Complaint (Doc. 1), or to Plaintiff's Amended Complaint (Doc. 5).  In order to avoid confusion and duplication, Defendants request that their time to file an answer to the governing complaint or amended complaint be extended until 60 days after the court rules on Plaintiff's request to file a Second Amended Complaint.  Defendants also note that service has apparently not been accomplished on Defendant Janet Durbin, and, if the court grants the motion and allows a Second Amended Complaint, that proposed complaint would add a new defendant, Neil Bustrain who would also need to be served with summons.

The court agrees that it would avoid confusion and duplication to extend the

time for the presently named defendants to file any answer until the court has ruled on the motion for leave to file a Second Amended Complaint.  Rather than set an answer date at this time, however, the court will set an appropriate deadline when it rules on Plaintiff's motion for leave to file a Second Amended Complaint. Defendants' motion to stay deadlines for responsive pleadings is therefore granted in part and denied in part.

E.      Service of Summons.

Finally, there is the issue of service of summons on present Defendant Janet Durbin.  Plaintiff has done research in an attempt to locate that defendant and has provided Defendants' counsel with the information he has discovered.  *See* Doc. 106.  That includes 45 possible addresses for a Janet Durbin.  Defendants' counsel is hereby directed to assist the Clerk of the Court and the U.S. Marshal's service by providing to the court any information in Defendants' possession or in the possession of Defendants' counsel, concerning a current address for Defendant Janet Durbin.  Defendants' counsel shall report any such information to the undersigned magistrate judge by letter report, with a copy to Plaintiff, on or before **September 18, 2009.**

Also, if the motion to amend were to be granted, the newly identified defendant, Neil Bustrain, would need to be served with summons.  Again, Plaintiff

4

has provided Defendants' counsel with the results of his research concerning the

location of that individual.  Plaintiff has located three possible addresses for Mr.

Bustrain.  *See* Doc. 106.  In order to avoid further delay in the event that the

motion to amend were to be granted, Defendants' counsel shall provide to the court

any information in Defendants' possession or in the possession of Defendants'

counsel, concerning a current address for Mr. Bustrain and shall include any results

in the letter report previously required as to Defendant Janet Durbin.

   **IT IS SO ORDERED.**

Dated this 10th day of August, 2009.


   s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE