# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BYRON SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 06-3061-JTM-DWB ) |
| EDDIE GALLEGOS, *et al.*, | ) ) |
| Defendants. | ) ) |

## ORDER

Following the August 4, 2009, Mandate from the Tenth Circuit Court of Appeals (Doc. 107) remanding this case back to the District Court, the undersigned magistrate judge issued an Order regarding various pending motions in this matter. (*See* Doc. 108.) Plaintiff's Motion for Leave to Amend Complaint (Doc. 97) was taken under advisement, with the Court allowing Defendants to file a response on or before August 28, 2009. (Doc. 108) Plaintiff's Motion Requesting *Pro Bono* Representation (Doc. 99) was also taken under advisement. (Doc. 108.) Defendants' Motion to Stay Case (Doc. 101) was found moot, and Defendants' Motion to Stay Responsive Deadlines (Doc. 104) was granted in part and denied in part. (Doc. 108.)

Defendants failed to file a response to Plaintiff's Motion for Leave to Amend Complaint by the August 28, 2009, deadline. Thereafter, the Court issued an additional Order (Doc. 109), as a result of which only Plaintiff's Motion Requesting *Pro Bono* Representation Pursuant to 28 U.S.C. 1915(d) (Doc. 99) remained pending before the Court.[1] Having reviewed the submissions of the parties, the Court is prepared to rule on Plaintiff's pending motion.

Plaintiff moves the Court for *pro bono* representation pursuant to 28 U.S.C. § 1915(d). Plaintiff attempts to distinguish *pro bono* representation from appointed counsel, citing **United States v. 30.64 Acres of Land**, 795 F.2d 796 (9th Cir. 1986). Regardless of how Plaintiff chooses to label is request for counsel, the issue of providing counsel for Plaintiff has been addressed in this case on more than one previous occasion.

Judge Crow first analyzed the issue in an Order dated October 10, 2006. (Doc. 13.) In making his determination against appointing counsel, Judge Crow "examined the pleadings and administrative grievances submitted by the plaintiff." (*Id*., at 2.) The Court concluded that "[b]ecause the pleadings are clearly written and detailed, . . . plaintiff is capable of maintaining this action *pro se* at this point

---

[1] Defendants Hartfield, Sinclair, Wheeler, Gallegos, Howell and Parent previously filed a response opposing the motion (Doc. 103), and Plaintiff replied (Doc. 105).

in its development and declines to appoint counsel at this time." (*Id.*) Judge Crow did, however, hold that Plaintiff could potentially renew the issue.

Plaintiff filed his second motion for counsel on February 20, 2007. (Doc. 48.) In that motion, Plaintiff argued that the factual and legal complexity of the case, coupled with his inability to properly investigate the case, necessitated the appointment of counsel. (*See id.*) The District Court denied that motion on July 26, 2007, in its Memorandum and Order (Doc. 59) granting Defendants' Motion to Dismiss.[2]

Thereafter, Plaintiff filed a notice of appeal to the Tenth Circuit. (Docs. 86, 92.) During the appellate process, Plaintiff was provided free, appointed counsel. (*See* Doc. 102, at 4.) The case was remanded to the District Court for further proceedings regarding Plaintiff's claim against certain individual Defendants sued in their individual capacities. (Doc. 102, at 33.) Upon completion of the appellate process, Plaintiff no had appointed counsel and returned to *pro se* representation, filing in the present motion. (Doc. 99.)

In determining whether to provide counsel to Plaintiff, the court should consider "the litigant's claims, the nature of the factual issues raised in the claims,

---

[2] Although Plaintiff's Motion for Appointment of Counsel (Doc. 47) is not specifically addressed in the Court's Memorandum and Order (Doc. 59), the motion is noted as denied in the Court's docket entry.

3

the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991). Plaintiff's submissions to the Court, as well as his administrative grievances, have previously been analyzed by the Court. The Court has previously determined on more than one occasion that Plaintiff's pleadings are clearly written and detailed. However, at this stage of the proceedings, Plaintiff's ability to fully present his case, including any necessary medical evidence, is hampered by his incarceration. Claims related to exposure to asbestos present unique medical and legal issues which suggest that use of appointed counsel who is familiar with such claims may be necessary. Therefore, Plaintiff's Motion Requesting *Pro Bono* Representation Pursuant to 28 U.S.C. § 1915(d) (Doc. 99) is **GRANTED**.

The Court has contacted an experienced counsel who is familiar with such claims and that counsel has indicated a willingness to be appointed to represent Plaintiff in this case. Accordingly, Mr. Randall K. Rathbun, a member of the bar of this Court, is hereby appointed to represent Plaintiff in these proceedings.[3]

---

[3] Reimbursement for out-of-pocket expenditures incurred by appointed counsel is available through the Bar Registration and Disciplinary Fund as long as (1) counsel is reasonably compelled to incur such expenses; (2) the client is not able to pay the expenses; and (3) the expenses are not otherwise recoverable in the action. *See* D. Kan. Rule 83.5.3(e)(2) & 83.5.3.1. Reimbursements do not include attorney time, general office overhead or items and services of a personal nature. To qualify for reimbursement, all expenditures must be approved in advance by the court in writing. *See* D. Kan. Rule 83.5.3(f).

Also before the Court are motions by Defendants For Extension of Time to File Responsive Pleadings (Doc. 113), and To Stay Proceeding due to the filing of a Petition for Writ of Certiorari. (Doc. 115.) These two motions were filed in late October and early November, 2009, and Plaintiff has not filed any responses or objections to the motions. After considering these motions, and in light of the appointment of counsel for Plaintiff who will require some time to become familiar with the status of this case, the Court will grant the motion to stay proceedings until the United States Supreme Court rules on the pending petition for certiorari. This stay specifically stays the obligation of Defendants to file their answer to Plaintiff's Second Amended Complaint. (Doc. 110.)

If the Supreme Court denies the petition for certiorari, Defendants shall file their answer to Plaintiff's Second Amended Complaint within **20 days** of the entry of the order denying certiorari. If the Supreme Court grants the petition for certiorari, Defendants may request extension of the stay by the filing of a new motion for stay, and Plaintiff shall have the opportunity to respond within the time provided by the local rules. The Court will then decide whether to continue the stay in effect.

If the Supreme Court has not ruled on the petition for certiorari by **February 26, 2010**, Plaintiff is free to seek a lift of this stay by motion, and the Defendants

5

will then be allowed to respond within the time provided by the local rules.

**IT IS THEREFORE ORDERED THAT** Defendants' motions to extend time to file responsive pleading (Doc. 113) and to stay proceedings pending a ruling on the petition for certiorari (Doc. 115) are hereby **GRANTED** as set forth in this Memorandum and Order.

**IT IS SO ORDERED.**

Dated this 30th day of December, 2009.

                                              s/ DONALD W. BOSTWICK
                                              DONALD W. BOSTWICK
                                              U.S. MAGISTRATE JUDGE