IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BYRON SMITH,

                    Plaintiff,

          vs.                                    Case No.06-3061-JTM

GALLEGOS, ET. AL.,

                    Defendants.

MEMORANDUM AND ORDER

Presently before this court is defendants' Motion to Reconsider April 9, 2010, Order (Dkt. No. 131). For the following reasons the court denies the defendants' motion.

**I. Factual and Procedural Background**

Plaintiff, Byron Smith, filed the present action on February 28, 2006, bringing claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq*, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff claims he was exposed to asbestos in 2003 while he was an inmate at the Leavenworth Penitentiary. The specific facts of plaintiff's claim are contained in this court's Order granting defendants' motion to dismiss (Dkt. No. 59) and the Tenth Circuit's Mandate in plaintiff's appeal (Dkt. No. 107) and are adopted for purposes of this Order. This court dismissed both of plaintiff's claims and the Tenth Circuit affirmed the dismissal of the FTCA claims but reversed dismissal of plaintiff's *Bivens* claim. Defendants then filed a Motion to Dismiss Smith's Second Amended Complaint, Or In the Alternative, For Summary

Judgment (Dkt. No. 121). Before ruling on this motion, plaintiff filed a Motion for Order to Defer Pursuant to FRCP 56(f) (Dkt. No. 129) on April 7, 2010. Two days later, on April 9, 2010, this court granted the plaintiff's motion (Dkt. No. 130). Subsequently, the defendants filed the present Motion for Reconsideration (Dkt. No. 131).

## II. Legal Standard: Motion for Reconsideration

A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence. Such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court: (1) has obviously misapprehended a party's position, the facts, or applicable law; (2) has mistakenly decided issues not presented for determination; or (3) the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

## III. Conclusions of Law

*Sufficiency of Affidavit Under Fed. R. Civ. P. 56(f)*

Fed. R. Civ. P. 56(f) allows a party opposing a summary judgment motion to specify reasons why it cannot present facts in opposition to the motion. Rule 56(f) provides:

> **When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.[1]

"The central tenet of Rule 56(f) is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006) (quoting *Price ex rel. Price v. W. Res., Inc.,* 232 F.3d 779, 783 (10th Cir.2000)). The district court has wide discretion when ruling on a Rule 56(f) motion. *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990). "Generally, affidavits submitted under rule 56(f) are entitled to liberal treatment unless they are dilatory or meritless." *Jones v. City and County of Denver, Colo.*, 854 F.2d 1206, 1210 (10th Cir. 1988).

First, it is necessary that the party opposing the summary judgment motion file an affidavit that "'explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'" *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006) (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)). The motion and accompanying affidavit must clearly show how the additional material will rebut the opposing party's summary judgment motion. *Burke*, 462 F.3d at 1264. A bare assertion that the evidence is in the opposing party's hands or exclusively controlled by the opposing party is not enough. *Jones*, 854 F.2d at 1211. But, if evidence

---

[1]Effective December 1, 2010, subdivision (d) contains the provisions of former subdivision (f). Fed. R. Civ. P. 56 (Notes on 2010 Amendments).

is in the hands of the opposing party, that "'is a factor favoring relief under Rule 56(f).'" *Trask*, 446 F.3d at 1042 (quoting *Price*, 232 F.3d at 784).

"[A] district court's rule 56(f) discretion is further restricted when a summary judgment motion based on qualified immunity is at issue." *Jones*, 854 F.2d at 1211. When qualified immunity is at issue "a plaintiff's 56(f) affidavit must demonstrate 'how discovery will enable them to rebut a defendant's showing of objective reasonableness.'" *Lewis*, 903 F.2d at 758 (quoting *Jones*, 854 F.2d at 1211).

First, defendants argue that the court should decide the issue of qualified immunity before allowing time for discovery pursuant to plaintiff's Rule 56(f) motion. The defendants cite *Cassady v. Goering*, 567 F.3d 628, 634 (10th Cir. 2009) for the proposition that "discovery should not be allowed until the threshold immunity question is resolved." (Dkt. No. 134). The court finds no such holding in *Cassady* or any other case in the Tenth Circuit, which requires disposition of the qualified immunity issue prior to allowing discovery. Clearly, the Tenth Circuit and even the Supreme Court requires that qualified immunity be resolved at the earliest possible stage in the litigation; however, neither court mandates that qualified immunity be resolved prior to discovery. *Cassady*, 567 F.3d at 634 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Jones*, 854 F.2d at 1211 (stating the qualified immunity issue should be resolved prior to discovery if possible).

The defendants also argue that plaintiff's Rule 56(f) motion is not legally sufficient under Tenth Circuit precedent because it did not specify what evidence plaintiff wished to discover and how it relates to the defendants' qualified immunity defense. Plaintiff's Rule 56(f) motion states that plaintiff seeks discovery on the following issues:

4

1) On 4/20/05, Warden E.J. Gallegos stated in his response to Mr. Smith's Request for Administrative Remedy that the removal of the insulation resulted in a "possible exposure to asbestos" and that the 1994 Ramsey-Schilling survey confirmed that the pipe insulation in question was ACM. Defendants now deny that such is the case. Plaintiff needs to undertake discovery to determine the reason for the defendants' change of story.
2) Timeframe for remediation of the pipe(s) in question
3) The individual defendants' knowledge of the presence of asbestos in the VT classroom.

While the plaintiff's motion is not as specific as it could be, it does meet the standard under Rule 56(f). Defendants rely primarily on *Jones v. City and County of Denver, Colo.*, and *Lewis v. City of Ft. Collinsworth*. In *Jones*, the plaintiff's Rule 56(f) affidavit contained a bare assertion that "he will need discovery for some of the claims he has asserted in this lawsuit." 854 F.2d at 1211. The court held that this assertion, which did not provide any connection between the information sought and the defendants' qualified immunity defense, was insufficient under Rule 56(f). *Id.* Similarly, in *Lewis*, the plaintiff argued in her 56(f) motion that there had been "insufficient time for discovery" and that the "parties have not begun the discovery process." 903 F.2d at 758. Plaintiff also generally argued she would be able to show certain facts, yet pointed to no specific facts or documents she sought to discover. *Id.* The court held that in the context of a qualified immunity defense such unspecific arguments and references to potential facts was not enough for Rule 56(f) purposes. *Id.* at 758-59.

The plaintiff's Rule 56(f) motion here does not suffer the same defects that plagued the plaintiffs' motions in *Jones* and *Lewis*. Plaintiff specifically identifies three pieces of evidence he wishes to discover. Plaintiff does not merely state that the defendants are in control of the evidence and he wishes to discover certain facts, nor does he generally state he needs to discover evidence relevant to his claim. Plaintiff specifically seeks discovery on defendant Gallegos's conflicting

5

assertions regarding plaintiff's exposure to asbestos. He also seeks discovery on the time for remediation of the pipes in question and the individual defendant's knowledge of the asbestos. These requests are not general statements to undergo a fishing expedition, rather they are specific requests directed at gathering evidence that directly pertains to the qualified immunity defense. Defendants protest that such requests do not adequately describe how the evidence relates to the defendants' qualified immunity defense, but it is clear the information sought by plaintiff will bear on whether defendants are entitled to qualified immunity.

Because the plaintiff has met the Rule 56(f) standard, this court denies the defendants' Motion for Reconsideration (Dkt. No. 131). This court will limit the scope of plaintiff's discovery to the issues listed in its Rule 56(f) motion and to the extent it is necessary to a determination of defendants' potential qualified immunity. The court also notes defendants' argument that they should have been allowed time to respond to plaintiff's Rule 56(f) motion pursuant to D. Kan. R. 6.1(d)(1). This court has thoroughly considered all of defendants' arguments in its Motion for Reconsideration and finds that granting an opportunity for defendants to respond to plaintiff's motion is unnecessary.

IT IS ACCORDINGLY ORDERED this 3rd day of December 2010, that the defendants' Motion for Reconsideration (Dkt. No. 131) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE