IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BYRON SMITH,

    Plaintiff,

v.          Case No. 06-3061-JTM

E.J. GALLEGOS, et. al.,

    Defendants.

MEMORANDUM AND ORDER

The following matter comes to the court upon plaintiff Byron Smith's Motion to Reconsider (Dkt. 160) and Motion for Hearing (Dkt. 161). The court denies Smith's Motion to Reconsider for the following reasons. As a result, the court also denies the Smith's Motion for Hearing as moot.

**I. Background**

The court granted summary judgment to the defendants on February 7, 2013, finding the defendants entitled to qualified immunity because they did not violate any clearly established Eighth Amendment right and did not subject Smith to a wanton infliction of unnecessary pain when Smith was minimally exposed to asbestos dust during a work assignment at the U.S. Penitentiary at Leavenworth. (Dkt. 158). Smith filed a motion to reconsider and motion for hearing on March 7, 2013, claiming that the court misapprehended the facts of the case and the law. Smith claims that the court misapprehended the extent of his exposure, the defendants' culpability, and the defendants' knowledge about the location of asbestos. He also claims that the court

misapprehended the law because the defendants were aware of the risk to Smith and the law clearly establishes an Eighth Amendment right to be free of any levels of friable asbestos.

The factual background of the case is adequately stated in the court order issued on February 7, 2013. *See* Dkt. 158.

**II. Legal Standard**

Any party may file a motion asking the court to reconsider an order or decision. D. KAN. RULE 7.3. A motion to reconsider a dispositive order must be filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *Id.* A party seeking to alter or amend a judgment must file his motion within twenty eight days after the entry of judgment. FED. R. CIV. P. 59(e). The court will not reconsider its prior judgment unless (1) there is an intervening change in controlling law; (2) new evidence is available; or (3) there is a need to correct clear error or prevent manifest injustice. *First State Bank v. Daniel & Associates, P.C.*, 491 F. Supp. 2d 1033, 1035 (D. Kan. 2007) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Reconsideration is appropriate when the court has misapprehended the facts, the controlling law, or a party's position. *Id.* However, a motion to reconsider is not a tool to raise issues already addressed or advance arguments that could have been raised in prior briefing. *Id.* Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Marx v. Schnuck Markets, Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted).

**III. Analysis**

*A. The Court Did Not Misapprehend the Facts*

Smith argues that the court did not view the facts in the light most favorable to him, that doing so would show that he was exposed to clouds of asbestos while working in a closet over two days, that the court improperly focused on the liability of the only two defendants who were responsible for Smith's work within the closet and that the court did not focus on the liability of other defendants. Contrary to Smith's assertions, the court did view the facts in the light most favorable to him. The court determined that Smith was exposed for a few hours. Dkt. 158 at 11. As Smith himself claims, when inmate Gonzales began pulling at the insulation that created the dust, Smith was prevented from working. He and his work crew were allowed to leave the closet, and Smith did not return to the closet until the dust settled. Although work continued into the next day, when Gonzales again caused dust clouds, Smith and his work crew were again allowed to stop until the dust settled. The facts in a light most favorable to Smith do not indicate that he worked two full days in the closet. Smith and his work crew were interrupted and allowed out of the closet to take breaks from the dust. Further, after Smith's supervisor, defendant Sinclair, arrived on day two, they worked another hour and then work was completed. The time of Smith's exposure was not misapprehended by the court.

Likewise, the court did not misapprehend facts by addressing the liability of Sinclair and Durbin, two of the defendants. These are the only two defendants who granted permission for Smith to be present and work in the closet. No other defendants had reason to believe that Smith or any other prisoner would enter into the locked closet of a classroom in the education building of the U.S. Penitentiary at Leavenworth.

Durbin placed the work order and Sinclair authorized Smith to work on the closet. Both of these defendants exposed themselves to the same dust that Smith now complains has harmed him.

> *B. Under the Correct Legal Standard, the Defendants Are Entitled to Qualified Immunity*

In granting summary judgment, the court determined that the defendants were entitled to qualified immunity because they did not act with wantonness or obduracy. *See* Dkt. 158 at 6. This analysis used an erroneous legal standard. However, under the correct analysis, the defendants are still immune from liability. Qualified immunity balances the need to hold public officials accountable for unjust exercises of power against the need to shield officials from liability when they reasonably perform their duties. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *see also* Jacqueline Blaesi-Freed, *From Shield to Suit of Armor: Qualified Immunity and A Narrowing of Constitutional Rights in the Tenth Circuit*, 50 WASHBURN L.J. 203, 218 (2010). Qualified immunity relieves federal and state officials from liability unless a plaintiff shows (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011). The trial court may decide which of the two prongs of qualified-immunity analysis to tackle first. *Id.*

> <u>1. The Defendants Did Not Disregard a Known Excessive Risk to Smith's Health or Safety</u>

To hold a prison official personally liable for violating a prisoner's Eighth Amendment right, the plaintiff must establish that the alleged deprivation violates an

objective and subjective test. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir.1998)). Objectively, the alleged deprivation must be "sufficiently serious." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298, (1991)). Subjectively, the prison official must have the appropriately culpable state of mind at the time of the alleged deprivation. *Id.* (citing *Wilson*, 501 U.S. at 297). Deliberate indifference to inmate health and safety is the relevant state of mind when the court addresses prison conditions. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A prison official may be found deliberately indifferent when he knew of an excessive risk to inmate health or safety and disregarded that risk. *Id.* (citing *Farmer*, 511 U.S. at 837). The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837).

Even if Smith's exposure to a single fiber of friable asbestos constituted a sufficiently serious risk, Smith has not shown that the defendants had the appropriately culpable state of mind. No defendant was aware of all of the facts necessary to infer a substantial risk to Smith. By extension, no defendant drew that required inference. Smith alleges that the Ramsey-Shilling Report and an alleged email from defendant Parent put all other defendants on notice that the closet at issue contained asbestos. But the alleged email's contents did not make any staff aware of asbestos in the closet where Smith worked. The email addressed a different closet in a separate part of the education building.

5

As the court already noted, Durbin and Sinclair were the only defendants who knew Smith was working in the closet in the education building. But these defendants were unaware of the Ramsey-Shilling report. Smith does not show that Durbin or Sinclair were aware that the closet at issue contained friable asbestos. Nothing indicates Durbin or Sinclair knew that Smith was exposed to asbestos when inmate Gonzales started causing dust clouds in the closet or that Smith's exposure presented a serious risk of harm to him. It is also apparent that Durbin and Sinclair were unaware of a risk of exposure to asbestos because they willingly exposed themselves to that same risk.

With regard to the other defendants, Smith has not shown that they were aware that he, other inmates, or anyone else would access the locked closet at issue. Without this knowledge, Smith cannot show that the other defendants drew the required inference of a substantial risk of serious harm. All of the defendants were either unaware of the facts of a substantial risk to Smith, or did not draw inferences of that risk, or both. The defendants did not act with deliberate indifference and are, therefore, entitled to qualified immunity. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).

### 2. Smith Does Not Have a Clearly Established Eighth Amendment Right to Be Free From a Limited Exposure of Friable Asbestos

The court did not misapprehend the law when determining that Smith's exposure was not a violation of a clearly established Eighth Amendment right. A right is clearly established when a reasonable official would understand that what he is doing violates that right. *Prison Legal News, Inc. v. Simmons*, 401 F. Supp. 2d 1181, 1189 (D. Kan. 2005) (citing *Sutton v. Utah State Sch. for Deaf and Blind,* 173 F.3d 1226, 1241 (10th

6

Cir.1999)). Based on the limited facts available to them, none of the defendants here would reasonably have known that what they did violated Smith's clearly established rights.

A right may also be clearly established when there is a Supreme Court or Tenth Circuit case on point or when the "weight of authority from other courts must have found the law to be as the plaintiff maintains." *Simmons*, 401 F. Supp. at 1189 (citing *Medina v. City and County of Denver*, 960 F.2d 1493 (10th Cir.1992) (overruled on other grounds)). Neither the Tenth Circuit nor this court has previously addressed whether every exposure to friable asbestos, no matter how small, constitutes a violation of the Eighth Amendment right to be free from deliberate indifference of prisoner health and safety. Other circuits addressing such claims have determined exposure to friable asbestos to be a violation of the Eighth Amendment when the exposure is prolonged. The Second Circuit has found prison officials infringe on the Eighth Amendment when they subject inmates to friable asbestos for one year. *LaBounty v. Coughlin*, 137 F.3d 68, 74 (2d Cir. 1998). The Eleventh Circuit has determined that an Eighth Amendment violation occurs when prison officials knowingly force an inmate to work and live in a dormitory filled with friable asbestos for two months. *Powell v. Lennon*, 914 F.2d 1459, 1464 (11th Cir. 1990); *accord*, *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995) (finding prison officials acted with deliberate indifference by failing to timely respond to an inmate's multiple removal requests from a work unit exposed to friable asbestos for forty-five hours over several days). However, the Seventh Circuit has held that a ten-month period of asbestos exposure does not offend the Eighth Amendment when the

7

inmate is not forced to live in a cell filled with friable asbestos. *McNeil v. Lane*, 16 F.3d 123, 125 (1993).

Here, Smith was not forced to live in a room of friable asbestos, did not work for forty-five hours with exposure to it, and he did not warn any defendant about his exposure as it was happening. Smith was exposed to two clouds of dust containing friable asbestos for no more than a few seconds. He was allowed to exit the closet until the dust settled. After it settled, Smith's exposure continued for, at most, a few hours, during which he took several breaks. This limited exposure does not infringe upon a right clearly established by Tenth Circuit precedent or persuasive authority. *See Powell*, 914 F.2d at 1464; *Wallis*, 70 F.3d at 1076; *LaBounty*, 137 F.3d at 74. It is not at all clear that a reasonable official would understand that Smith's exposure of a few hours violated the Eighth Amendment. *See Simmons*, 401 F. Supp. 2d at 1189 (D. Kan. 2005).

**IV. Conclusion**

The court did not misapprehend the facts of this case. Further, the court did not err in finding no clearly established constitutional right to be free from such a limited exposure to friable asbestos. The court's previous analysis used the incorrect qualified immunity standard, but this does not change the result. Applying the proper legal standard, the court finds that Smith cannot show that the defendants were aware of relevant facts from which an inference could be drawn that a substantial risk of serious harm existed, let alone that the defendants actually drew that inference. The court denies the motions.

IT IS THEREFORE ORDERED this 10th day of September, 2013, that Smith's Motion to Reconsider (Dkt. 160) is denied. The court necessarily denies his Motion for Hearing (Dkt. 161) as moot.

s/J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE